### DUESH *v.* A. J. MEDLAR Co., Limited.[1]

*(Circuit Court, E. D. Pennsylvania.* April 25, 1887.)

1. **PATENTS FOR INVENTIONS—PATENTABILITY— COMBINATION OF OLD DEVICES.**
Letters patent No. 90,577 were granted May 25, 1869, for a cracker-machine and automatic stopping device, combined so as to operate in conjunction. The cracker-machine and stopping device were both old at the date of complainant's patent. *Held,* that the combination did not possess patentable novelty, as the combination produced no new result, and was only the product of ordinary mechanical skill.

2. **SAME—INFRINGEMENT—TAPE-WIRE KNIFE.**
Letters patent No. 209,963 were granted November 19, 1878, for improvements in soft-dough machines. Part of complainant's machine consisted of a "tape-wire knife." Respondent used a round-wire knife. *Held* not to be an infringement.

In Equity. Suit for infringement of letters patent.

*Stewart & Gangwere,* for complainant.

*Banning & Banning,* for defendant.

BUTLER, J. The suit is for infringement of claims 1, 6, and 7 of letters patent No. 90,577, issued May 25, 1869, to Joseph Repetti, for cracker-machine; and also for infringement of claim 3 of letters patent No. 209,963, issued to Henry Duesh, November 19, 1878, for improvement in soft-dough machines. The claims of the first patent here involved read as follows:

"The combination of the automatic stopping device, consisting of the finger, *l,* rock-shaft, *i,* arms, *h* and *h',* rod, *d,* spring, *f'',* and stopper, *g,* with the plunger, *j,* screw, *k,* and pulleys *a* and *a',* or their equivalents, substantially as and for the purpose herein described. (6) The combination of the bevel wheels, 7 and 8, hand wheel, 9, with non-revolving screw, *k,* revolving nut, *z,* and plunger, *j,* substantially as and for the purpose specified. (7) The combination of the slide, 6, with the movable bottom, $y^2$, and dough-box, 10, substantially as and for the purpose set forth in this specification."

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

These claims are for the several parts of a cracker-machine, and an automatic stopping device, combined so as to operate in conjunction. Both the cracker-machine and stopping device were old at the date of plaintiff's patent. This is not only proved very fully, but is admitted by counsel. The plaintiff simply brought them together, so as to work in conjunction. In our judgment, this did not involve patentable novelty. In the first place, no invention was required to effect the combination. It does not differ essentially from combinations previously made, between this stopping device and other machines. Any ordinary mechanic could have effected it as well. In the second place the combination was not productive of any new result. Each of the old parts operates precisely as before. The cracker-machine continues to make crackers as it did previously, and the stopping device throws the operating machinery out of gear, just as it did similar machinery before. Previously the machine was stopped by hand, subsequently it was stopped by this device. The combination, it is thus seen, has nothing whatever to do with the operative effect or work of the cracker-machine. The two were simply brought into juxtaposition,—each continuing to perform its own functions separately, in its old way. The combination, therefore, was not patentable. As was said by this court in *Hoffman* v. *Young*, 18 O. G. 794, 2 Fed. Rep. 74: "A mere aggregation of old parts, without any new result, issuing from their united action, is not patentable. The parts must combine in operation, and by their joint effect produce a new result." This is but the common language of all the cases.

As respects the claim of the Duesh patent, here involved, it is sufficient to say that no infringement is shown. The patentee is clearly confined to a "*tape-wire*" knife, in his combination. This the defendant does not use. Although the words "tape wire" are not found in connection with knife, in the third claim, the knife there referred to is the same knife described in the first claim as a "tape-wire knife." The specifications clearly disclaim a round wire, such as the defendant employs. "I am aware that it is not new, broadly, to cut dough by means of a round wire, and such I therefore do not claim; the gist of my invention consisting in the use of a tape-wire knife," says the plaintiff.

The many other questions discussed need not be considered. The bill must be dismissed, with costs.